CALKINS V. BLOOMFIELD AND ROCHESTER NATURAL GAS-LIGHT COMPANY, appellant.

*Highway — laying gas-pipe in — license — estoppel — easement of public.*

A gas-light company empowered by law to acquire title to land for the purposes of the company, and to lay its pipes in streets and highways with the consent of the municipal authorities, dug a trench for some distance along the highway running through plaintiff's farm, without plaintiff's knowledge or consent. After plaintiff became aware of what the company was doing, several conversations were had between him and the workman of the company, in respect to the trench and the removal of some rails belonging to plaintiff which were in the way, and on one or two occasions plaintiff consented that the filling up of the open trench might be delayed for a while.

*Held*, that even if the plaintiff by his permission to leave the trench open gave a license to the gas-light company such license could not operate retrospectively and release the damages sustained by the unlawful entry of the company and the digging of the trench.

*Held*, also that the acquiescence of the plaintiff in the acts of the company, such acts being trespasses, and known to be so by the company, did not estop plaintiff from claiming damages or seeking to restrain the completion of the work of laying the pipe through plaintiff's land.

The gas-light company under the authority given it to lay its pipes in highways did not acquire the right to lay such pipes without compensation to the owners of lands through which the highways run.

When the land is taken for a highway in the country the public acquire a right of passage merely. The fee of the land on which the way is laid remains in the owner. Laying a gas pipe was a use not contemplated when plaintiff's land was taken for a highway. Such use was a burden imposed on the land in addition to its use as a highway, and plaintiff was entitled to compensation therefor.

APPEAL from a judgment entered upon findings of fact and law after trial before Mr. Justice DWIGHT without a jury.

The defendant was incorporated under the general act for the formation of gas-light companies (laws of 1848, chap. 37), and its powers were enlarged by a special act (laws of 1870, chap. 757) by which it was clothed with the powers given by the general railroad act to railroad corporations for acquiring the title to real estate necessary for their use and ascertaining the compensation to be made therefor. The defendant in the months of October and November, 1871, was engaged in digging a trench for and laying

gas-pipes along the line of the highway in front of plaintiff's farm in the town of Henrietta, Monroe County, and this action was commenced for the purpose of enjoining the prosecution of that work, and compelling the removal of the pipes and the restoration of the soil of the highway to its original condition and to recover damages for injuries sustained.

After the commencement of the action, and in January, 1872, defendant applied, under the provisions of its charter, to the supreme court for the appointment of commissioners to appraise and award compensation to plaintiff for right of way for the gas-pipes through his premises. Commissioners were appointed who, after hearing the proofs, in the fall of 1872, and before the trial of this action, reported and awarded to plaintiff $350. This award did not include damages for any of the acts for which damages were given in this action.

The court found that the plaintiff was entitled to judgment for $50 damages, and ordered defendant to remove its pipes and restore the soil unless, within sixty days after notice of the judgment, it should pay to plaintiff the amount awarded by the commissioners. The other material facts appear in the opinion.

*Theodore Bacon* and *H. R. Selden,* for appellant.

The work was done with plaintiff's license and consent. *Townsend Manuf. Co.* v. *Foster,* 51 Barb. 350.

If plaintiff assented to the work even by implication, through his silence when he saw it going on, he can maintain no action, especially in equity, on account of it. 3 Eq. Cas. Abr. 522, pl. 3; *Wendell* v. *Van Rensselaer,* 1 Johns. Ch. 344; *Skinner* v. *Dayton,* 19 Johns. 561; *Greenhalgh* v. *M. & B. Railway Co.,* 14 Eng. Ch. 794; *Williams* v. *Earl of Jersy,* 18 id. 97 (reporter's head note); *Jones* v. *Royal Canal Co.,* 12 id. 319 ; *Miller* v. *A. & S. R. R. Co.,* 6 Hill, 61 ; *Eggleston* v. *N. Y. & H. R. R. Co.,* 35 Barb. 169; *Harrison* v. *Newton,* 9 N. Y. Leg. Obs. 341; *Martin* v. *Houghton,* 45 Barb. 258; *Saunders* v. *Smith,* 14 Eng. Ch. 711.

Defendant's acts done before the commencement of this action were under license, and it was erroneous to require defendant to restore land to its original condition. *Stevens* v. *Stevens,* 11 Metc. 258.

Defendant had a lawful right to lay its pipes in the highway, without any responsibility to the plaintiff and without his consent. *Wager* v. *T. U. R. R. Co.,* 25 N. Y. 531; *People* v. *Flagg,* 46 id. 401;

*People* v. *Kerr*, 27 id. 213; *Milhan* v. *Sharp*, 17 Barb. 438; *Chapman* v. *A. & S. R. R. Co.*, 10 id. 363; *Plant* v. *L. I. R. R. Co.*, id. 26; *Kelsey* v. *King*, 32 id. 417; S. C. on appeal, 33 How. 39; *People* v. *Law*, 34 Barb. 503; *Wendell* v. *Mayor of Troy*, 4 Keyes, 268; *Tucker* v. *Tower*, 9 Pick. 109; *Williams* v. *N. Y. C. R. R. Co.*, 16 N. Y. 97; *Craig* v. *R. C. & B. R. R. Co.*, 39 id. 409; *Bissel* v. *N. Y. C. R. R. Co.*, 23 id. 67; *Hammond* v. *McLachlan*, 1 Sandf. 341; Angell on Highways, §§ 241, 301.

*John Norton Pomeroy*, for respondent. All presumptions of fact are to be made in support of the findings of the court. It will be assumed that all facts have been proved and found that are necessary to support the judgment, which do not affirmatively appear not to have been proved or found. *Lamb* v. *Grover*, 47 Barb. 319; *Ballard* v. *Burgett*, id. 648; *Tibbs* v. *Morris*, 44 id. 144; *Carman* v. *Pultz*, 21 N. Y. 551; *Grant* v. *Morse*, 22 id. 323, 324, 325; *Rider* v. *Powell*, 28 id. 317; *Chubbuck* v. *Vernam*, 42 id. 434, 435; *Sheridan* v. *Andrews*, 3 Lans. 129; *Whittaker* v. *Chapman*, id. 155; *Littlefair* v. *Warren*, MSS. 4th Dep. May, 1872.

The plaintiff did not, in fact or law, give any leave, license, authority or permission for the defendant to do any of the acts done, nor did he, as a matter of fact or law, acquiesce in the doing of such acts prior to the commencement of this action. *Christianson* v. *Linford*, 3 Robt. 215; *Brown* v. *Galley*, Hill & D. 308; *Gordon* v. *Cheltenham Railway*, 5 Beav. 238; *Wintle* v. *B. & —— Railway*. 10 Wr. 210; *Birmingham Canal Co.* v. *Lloyd*, 18 Ves. 515; *Marker* v. *Marker*, 9 Hare, 16; *G. W. Railway Co.* v. *O. W. & W. Railway Co.*, 3 De G. M. & G. 341; *Rochdale Canal Co.* v. *King*, 2 Sim. N. S. 78; S. C. 16 Beav. 630; *M. & E. R. R. Co.* v. *Prudden*, 1 Green. N. J. 530; *Dann* v. *Spurrier*, 7 Ves. 230; *Pentway* v. *Lynne Comm'rs*, 13 Wr. 983; *Johnson* v. *Wyatt*, 2 De. G. J. & S. 18; *Haight* v. *Proprietors of Morris Aqueduct*, 4 Wash. C. C. 608; *Swaine* v. *G. N. Railway*, 9 Jur. N. S. 1196; *Strange* v. *Fooks*, 4 Gif. 408; *Coles* v. *Sims*, 5 De. G. M. & G. 1; *Child* v. *Douglas*, id. 739; *Innocent* v. *N. M. Railway*, 1 Rail. C. 247, 248–256; *Attorney-General* v. *Luton Board of Health*, 2 Jur. N. S. 180; *Attorney-General* v. *Birmingham*, 4 Kay. & J. 528; *Western* v. *Macdermott*, Law Rep., 2 Ch. 72; *Bankart* v. *Houghton*, 27 Beav. 430; *Patching* v. *Dubbins*, Kay. 11; *Imp. Gas-Light Co.* v. *Broadbent*, 7 H. Law Rep. Cas. 600.

The defendant had no right to appropriate the soil, except by

means of the State's right of eminent domain. All the right the public had was simply and solely that of traveling, of passing and re-passing with beast, cattle or vehicles, and to do all acts necessary to keep the way in repair. *Dovaston* v. *Payne*, 2 H. Bl. 527; *Conner* v. *New Albany*, 1 Blackf. 45; *Stackpole* v. *Healy*, 16 Mass. 34; *Perley* v. *Chandler*, 6 id. 454; *Atkins* v. *Boardman*, 2 Metc. 467; *Adams* v. *Emerson*, 6 Pick. 57; *Peck* v. *Smith*, 1 Conn. 132; *Pomeroy* v. *Mills*, 3 Vt. 279; *Cortelyou* v. *Van Brundt*, 2 Johns. 363: *Jackson* v. *Hathaway*, 15 id. 452; *Gidney* v. *Earl*, 12 Wend. 98; *Pearsall* v. *Post*, 20 id. 111; *Adams* v. *Rivers*, 11 Barb. 397.

The legislature cannot impose an additional burden upon the soil of a highway except by providing for the compensation of the owner therefor. *Trustees of Presbyterian Society* v. *A. & R. R. R. Co.*, 3 Hill, 567; *Williams* v. *N. Y. C. R. R. Co.*, 16 N. Y. 97; *Carpenter* v. *O. & S. R. R. Co.*, 24 id. 665; *Mahon* v. *N. Y. C. R. R. Co.*, id. 658; *Wager* v. *T. U. R. R. Co.*, 25 id. 526; *Craig* v. *R. C. & B. R. R. Co.*, 39 id. 404.

Even if right to impose additional burdens exists in respect to city streets, it does not as to country highways. *Milhare* v. *Sharp*, 15 Barb. 210; *Plant* v. *L. I. R. R. Co.*, 10 id. 28; *Kelsey* v. *King*, 32 id. 418.

Authorities which deny the right of a city to use streets for purposes other than travel. *Dubuque* v. *Maloney*, 9 Iowa, 450; *Glasby* v. *Morris*, 3 Green N. J. 72; *Norwich Gas Co. Norwich City Gas Co.*, 25 Conn. 19.

If defendant had right to lay pipes in highway, he could not so do it as to injure plaintiff's drain. *Horse Railroad* v. *Dietz*, 50 Ill. 210.

The plaintiff was entitled to a mandatory injunction, that is to a removal of the structures. Kerr on Injunctions, 231, 233; *Corning* v. *Troy Iron and Nail Factory*, 40 N. Y. 191; *A. & C. Plank-road Co.* v. *Douglass*, 12 Barb. 553; *Robinson* v. *Lord Byron*, 1 Bro. C. C. 588; *Lane* v. *Newdigate*, 10 Ves. 192; *Rankin* v. *Huskisson*, 4 Sim. 13; *Hervey* v. *Smith*, 1 Kay & J. 392; *Attorney-General* v. *Metr. Board of Works*, 1 Hem. & M. 312; *Hepburn* v. *Lordan*, 2 id. 345; *Earl of Mexborough* v. *Bower*, 7 Beav. 127; *Greatrex* v. *Greatrex*, 1 De G. & Sm. 692; *N. of E. Railway Co.* v. *Clarence Railway Co.*, 1 Col. C. C. 507; *Spokes* v. *Banbury Board of Health*, Law Rep., 1 Eq. 42; *Powell* v. *Aiken*, 4 Kay & J. 355.

MULLIN, P. J. The defendant was duly incorporated and empowered to convey gas from a natural gas well in Bloomfield, Ontario

county, to the city of Rochester and other places in that vicinity, and for such purposes to acquire title to land and to lay their pipes in the streets and highways with the consent of the municipal authorities.

The plaintiff is the owner of a farm in the town of Henrietta, in the county of Monroe, which fronts on one side of a highway some 200 rods and some 70 rods on the opposite side of the same highway.

The line adopted by defendant on which to lay its pipes, through which to carry the gas to Rochester, lay along said highway.

The defendant's servants entered upon said highway on said farm and commenced to dig a trench in which to lay said pipes without the knowledge or consent of said plaintiff. They had dug the trench some 40 or 50 rods before plaintiff learned what they were doing. Spooner, one of defendant's workmen, then went to the plaintiff and asked him what they (the workmen) should do with certain rails belonging to plaintiff in a fence on the roadside, and which they desired to remove. He said the fence was in his way and he wanted to know if they should take the rails down, and lay them in a pile across the road and, dig the drain and put the fence up again. Plaintiff told him if they filled the ditch right up so that he could go through when winter came on they need not put the rails up, that if he could get through with a team he would draw them away, and he (Spooner) said he would fill the ditch up so plaintiff could get in. This was all the negotiation ever had between plaintiff and defendant's agents as to permission to enter upon and appropriate, dig the trench, or do any other act on said farm.

On one or two occasions plaintiff consented that the filling of the trench at the crossing into plaintiff's field might be delayed for a while.

Atkinson, another of defendant's employees, testified that when he first went on to the work, he had a conversation with plaintiff. Plaintiff said all he wanted was a passage to get into his orchard, he (witness) complied with the directions plaintiff gave him.

These conversations are relied upon by defendant as a license to enter upon the plaintiff's land and do the acts which this action was brought to restrain from being done, and to recover damages resulting from such acts.

The judge, at special term, held that no license was proved and that plaintiff had sustained damages to the amount of $50, and he ordered judgment for said damages with costs, and that defendants

take up and remove its pipe and restore the premises and highway to their original condition, unless within 60 days the defendant should complete proceedings theretofore commenced for obtaining a right of way over and through said premises for said pipes. If proceedings were completed and costs and damages paid, the pipes were not to be removed.

The license, if there was one, could not operate retrospectively and release the damages sustained by the defendant's unlawful entry and digging the trench, which acts were done before such license was given. *Pike* v. *Acker*, Hill. & Den. 90 ; *Christianson* v. *Sinford*, 19 Abb. 221.

A part of the damages recovered for was properly allowed. The court has found affirmatively that there was no license given by plaintiff to defendant to enter upon and appropriate his land, and as the case does not contain the statement that we have all the evidence before us that was given on the trial we cannot review the findings.

It is said that if there was not an express consent given there was a silent acquiescence that was continued for such a length of time as to be in equity equivalent to a license, and that plaintiff was thereby estopped from claiming damages or restrain the completion of the work of laying the pipe through the plaintiff's land.

It is one of the essential elements of an estoppel *in pais* that the party insisting on the estoppel would be misled to his injury if the other party should be permitted to assert the right or deny the admission as to which the estoppel is insisted upon. Herman on Estoppel, § 331.

A party cannot be misled to his prejudice when he knows the truth as fully as the party sought to be estopped. Herman, at section 331, says : "When both parties know or have the means of knowing, and each is equally in fault, neither can have any equitable claim to relief against the other, and it matters not that means were used to deceive if the other party was not in fact misled."

Again, at section 422, the same writer says : "The estoppel does not apply when every thing is equally well known to both parties."

Again, at section 426, he says : "If one knowing his title should willfully conceal it and allow an innocent party to go on and be misled by his silent acquiescence, he would be estopped from asserting his title. But if the party purchasing were cognizant of the facts,

he could not avail himself of his ignorance or mistake in respect to their legal effect."

In *Gray* v. *Bartlett*, 20 Pick. 186, 193, SHAW, C. J., says: "When the act of one is an encroachment on the soil or rights of another, an acknowledged tort equally well known or equally open to the notice of both parties, it gives no right (to continue the wrong) until it has continued for such a length of time without interruption as to found the presumption of a grant, or give effect to the limitation of the right of action for the disturbance, as determined by common law or by statute." *Christianson* v. *Sanford, supra;* *Miller* v. *Platt,* 5 Duer, 272, 284; *Jewett* v. *Miller,* 10 N. Y. 402, 408.

The act of the defendant in digging the trench and laying the pipe was a trespass on the premises of the plaintiff, and was known to be so by the defendant. The silence of the plaintiff did not mislead the defendant into the belief that his entry was rightful, and that plaintiff sanctioned and approved of the wrongful acts of defendant's workmen.

There are numerous cases in which a party has been held estopped from restraining another from committing a trespass or continuing a nuisance, but in all the cases that I have examined the wrong done was asserting what, in *good faith,* he believed to be right, which he might lawfully assert, or he had acted upon the right for such a length of time as raised the presumption of a grant.

When the trespasses were committed, the defendant had not acquired the right to lay its pipes on plaintiff's land, nor has it even now acquired that right.

The entry and digging, etc., by defendant was therefore a trespass, unless it had the right, without resorting to proceedings, to acquire the privilege of using plaintiff's land under the statute. It is claimed, by the defendant's counsel, that the place upon plaintiff's farm on which the work complained of was done was in the highway, and as defendant was authorized to lay its pipes in the highways along the line designated for laying its pipes, it had the right to so use the highway without resort to proceedings to acquire such right, and without compensation to the owner; in other words, that when a highway is legally laid out, it may be used not only for passing and repassing, but for any other public purpose not inconsistent with its use as a highway, and even for inconsistent purposes with the consent of the legislature.

It has been decided that in cities and incorporated villages, the streets may be used for the purpose of laying therein railroad, gas and water pipes, and for making drains and sewers without making any compensation therefor to the owner of the soil. *The People* v. *Kerr*, 37 N. Y. 188.

When the village or city acquires the fee of the land taken for streets, there is no injustice in devoting them to any public use, the necessities or convenience of their citizens may require. But when they obtain the mere right of passage for men and teams, etc., and the compensation is awarded for such use, and the land was acquired before the new use was known or heard of, it would seem to me to be somewhat unjust to devote it to such use without further compensation.

The cases of *People* v. *Kerr*, and of *Williams* v. *N. Y. C. R. R. Co.*, 16 N. Y. 97, can only be reconciled upon the position that in the former case the city, owned and in the latter it did not own, the fee of the land taken for a street, and which was appropriated by the railroad company to their own use, without the consent of, or compensation to, the owner of land.

When land is taken for a highway in the country, the public acquire a right of passage merely. The fee of the land, on which the way is laid remains in the owner, and it may be used by him for any purpose, not inconsistent with its use as a highway. The proposition has been so often decided by our courts that it does not require the citation of cases in its support. If any is needed, that of the *Presbyterian Society of Waterloo* v. *A. & R. R. R. Co.*, 3 Hill, 567, is conclusive. That case is referred to and approved in the case of *Williams* v. *N. Y. C. R. R. Co.*, and is the authority on which the decision in that case rests.

Laying a railroad in a street is held in *Williams* v. *N. Y. C. R. R. Co.*, to be a different use from that of travel by the public over a highway on foot and with teams, and is therefore a burden imposed upon the owner of the soil in addition to that for which he was compensated.

Laying gas-pipes in a street requires not only a permanent appropriation of a portion of the land, but renders necessary excavations from time to time, for the purpose of repairs or laying new pipes, and consequently a destruction of, or at least a temporary interference with crossings to reach the owner's fields, and the drains by

which the water is carried from his land, and which pass over the trench in which the pipes are laid.

It seems to me too plain to require argument to support the proposition, that this is a use not contemplated when the plaintiff's land was taken for a highway, and for that reason not compensated for. And that such use is a burden imposed on the plaintiff in addition to its use as a highway, and for which he is entitled to be compensated.

The judgment must be affirmed, with costs.

*Judgment Affirmed.*